**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4360**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BILLY RAY DICKERSON, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, Chief District Judge.  (1:17-cr-00203-TDS-1)

Submitted:  February 26, 2019                    Decided:  March 5, 2019

Before MOTZ, WYNN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Stacey D. Rubain, QUANDER & RUBAIN, Winston-Salem, North Carolina, for Appellant. Kelley Patricia Kennedy Gates, Special Assistant United States Attorney, Michael Francis Joseph, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Billy Ray Dickerson, Jr., appeals his conviction and 92-month sentence imposed by the district court after he pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2012). Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal. Counsel questions, however, whether the district court properly conducted the plea colloquy, in accordance with Fed. R. Crim. P. 11, and whether the sentence is procedurally and substantively reasonable. In his pro se brief, Dickerson argues that the district court erroneously considered uncharged prior conduct for sentencing, in violation of his Sixth Amendment right to a jury trial, and that his sentencing counsel was ineffective because he failed to raise that argument. We affirm.

Before accepting a guilty plea, the district court must conduct a colloquy in which it informs the defendant of the nature of the charge to which he is pleading guilty, the statutory penalties he faces, and the rights he is relinquishing as a result of the plea. Fed. R. Crim. P. 11(b)(1). Furthermore, the district court must determine that the defendant's guilty plea is knowing, voluntary, and supported by an adequate factual basis. *See United States v. DeFusco*, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). Because Dickerson neither raised an objection during the Rule 11 proceeding nor moved to withdraw his guilty plea in the district court, we review his Rule 11 proceeding for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014); *see Henderson v. United States*, 568 U.S. 266, 272 (2013) (discussing standard of review). In this case, the district court complied with the Rule 11 requirements and correctly held that Dickerson's

2

guilty plea was knowing, voluntary, and supported by a sufficient factual basis. Thus, we sustain Dickerson's conviction.

"We review a sentence for reasonableness 'under a deferential abuse-of-discretion standard.'" *United States v. McCoy*, 804 F.3d 349, 351 (4th Cir. 2015) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). In this case, the district court properly calculated the Sentencing Guidelines range, treated the Guidelines as advisory rather than mandatory, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, selected a sentence not based on clearly erroneous facts, and sufficiently explained the chosen sentence. *See Gall*, 552 U.S. at 49-51. In his pro se brief, Dickerson argues that the district court erroneously relied on uncorroborated, uncharged conduct to vary from the Guidelines range, in violation of his Sixth Amendment right to a jury trial as articulated in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). But the district court sentenced Dickerson to less than the statutory maximum of 10 years' imprisonment, and *Apprendi* does not apply to upward variances from the advisory Guidelines. *See* 530 U.S. at 490; *see also* 18 U.S.C. § 3661 (2012). Thus, Dickerson's sentence is procedurally reasonable.

We next consider whether the sentence imposed is substantively reasonable under "the totality of the circumstances, including the extent of any variance from the Guidelines range." *Gall*, 552 U.S. at 51. When a district court imposes a sentence outside of the Guidelines range, we "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of variance." *United States v. Zuk*, 874 F.3d 398, 409 (4th Cir. 2017) (internal quotation marks omitted). But

the district court need not find "extraordinary circumstances" to justify a deviation from the Guidelines range. *Gall*, 552 U.S. at 47. In this case, the district court cited Dickerson's aggressive behavior, criminal history, and lack of deterrence from the penalties imposed following previous convictions, stressing the need to protect the public and promote respect for the law. The district court did not abuse its discretion in concluding that these circumstances justified a significant upward variance from the advisory Guidelines range.

Finally, we do not consider ineffective assistance claims on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016), *see Strickland v. Washington*, 466 U.S. 668, 687 (1984) (providing standard). We conclude that Dickerson fails to satisfy the *Faulls* standard, and we decline to review this claim on direct appeal. Instead, Dickerson's "claim should be raised, if at all, in a 28 U.S.C. § 2255 motion." *Faulls*, 821 F.3d at 508.

In accordance with *Anders*, we have reviewed the record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Dickerson, in writing, of the right to petition the Supreme Court of the United States for further review. If Dickerson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Dickerson.

4

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*